1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

9 Nathaniel Keon Curtis,                    No. CV-12-00625-TUC-DCB (EJM)

10                    Petitioner,           **REPORT AND**
                                            **RECOMMENDATION**
11 v.

12 Charles L. Ryan, et al.,

13                    Respondents.

14

15

16        Petitioner Nathaniel Keon Curtis filed a *pro se* petition for a Writ of Habeas

17 Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for sale of a narcotic

18 drug. (Doc. 1). Petitioner raises four grounds for relief based on trial counsel's alleged

19 ineffectiveness: (1) trial counsel's disqualification of a witness "for personal reasons

20 instead of for facts in evidence;" (2) trial counsel's failure to object to Petitioner's

21 identification card being admitted into evidence; (3) trial counsel's failure to interview

22 potential witnesses and failure to prove Petitioner was misidentified; and (4) trial

23 counsel's failure to keep Petitioner informed of discoveries, strategies, and tactics.

24 Petitioner also raises one claim of newly found evidence, alleging he has discovered

25 additional witnesses that would have been available for trial had Petitioner's trial counsel

26 conducted a proper investigation. *Id*.

27        The government filed its response contending Grounds Two, Three, and Four are

28 unexhausted and procedurally defaulted, and that Petitioner has failed to meet his burden

to establish an ineffective assistance of counsel claim for Ground One. (Doc. 10). The government further contends that Ground Five is not properly before the Court because it does not present a federal question. *Id.*

As to Ground One of the Petition, the Magistrate Judge finds that Petitioner has failed to establish a violation of *Strickland v. Washington*, 466 U.S. 668 (1984), and that the state courts did not err in their resolution of Petitioner's *Strickland* claim. As to Grounds Two, Three, and Four, the Magistrate Judge finds these claims are procedurally defaulted and barred from this Court's review, and that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice. As to Ground Five, the Magistrate Judge finds Petitioner fails to present a federal question for this Court's review. Accordingly, the Magistrate Judge recommends that the District Court, after its independent review, deny the petition and dismiss this matter with prejudice.

## I. Factual and Procedural Background

### A. Trial, Sentencing, and Appeal

A Pima County Superior Court jury found Petitioner guilty of sale of a narcotic drug for selling 750 milligrams or more of cocaine base to an undercover officer. (Doc. 10 Ex. A at 2). The officer went to a house on East 4th Street in Tucson, Arizona on November 20, 2006 and told David Williams that he wanted to purchase drugs. (Doc. 11 Ex. P at 29.) Mr. Williams told the officer he did not have any drugs; however, he offered to help the officer sell a video game console the officer had with him. *Id*. Mr. Williams called around but was unable to find a buyer for the video game console. *Id*. at 30. The officer then asked Mr. Williams for Nate's phone number, and the officer called Nate (Petitioner). *Id*. at 30-41. The officer testified that he recognized Nate's voice as Petitioner's because the two had previously met at the 4th Street house on November 14, 2006. *Id*. at 30, 41. The officer asked Petitioner to come to the house and bring him a 40 shot ($40 worth of crack cocaine), and Petitioner complied. *Id*. at 41-42. The officer testified he went back to the same house on November 21, 2006, and November 22, 2006, and saw Petitioner both times. *Id*. at 59-60.

1   At trial, Petitioner presented witnesses who testified that he was in Silver City,

2   New Mexico on November 21, 2006. (Doc. 10 Ex. A at 13-14). Petitioner's defenses

3   were alibi and mistaken identity, and trial counsel's strategy was to persuade the jury that

4   because Petitioner was in New Mexico on November 21, 2006, Petitioner could not have

5   been the person that sold the officer drugs on November 20, because the officer testified

6   that he saw the same person on November 20, 21, and 22.

7   The trial court sentenced Petitioner to a presumptive term of 15.75 years. (Doc. 10

8   Ex. A at 2).

9   Petitioner sought review in the Arizona Court of Appeals and argued that the trial

10   court had erred by 1) admitting a redacted audio recording of conversations between

11   Petitioner and the undercover officer; 2) permitting a witness testifying telephonically to

12   identify Petitioner by a photograph transmitted to him telephonically (via cell phone

13   "picture messaging"); and 3) admitting into evidence Petitioner's driver's license, which

14   was found at the scene of the crime. (Doc. 10 Ex. C). On October 30, 2008, the Court of

15   Appeals affirmed Petitioner's conviction and sentence. (Doc. 10. Ex. A). Petitioner

16   sought review from the Arizona Supreme Court, but the court denied review on April 7,

17   2009. (Doc. 10 Ex. E). Petitioner did not seek review of this decision by the United States

18   Supreme Court.

19   **B.  Petition for Post-Conviction Relief**

20   On September 8, 2008, Petitioner initiated proceedings in Pima County Superior

21   Court for Rule 32 post-conviction relief. (Doc. 10 Ex. F). Petitioner alleged newly

22   discovered evidence, and also alleged his trial attorney was ineffective for failing to call

23   David Williams as a witness. *Id*. The trial court appointed counsel to represent Petitioner,

24   but counsel stated he could find no colorable issues to raise in a Rule 32 petition. (Doc.

25   10 Ex. H). Petitioner then filed a pro se petition for post-conviction relief, arguing one

26   claim of newly discovered material facts that called his conviction into doubt— that

27   Hiycue Warrior could have been called as a witness for the mistaken identity defense.

28   (Doc. 10 Ex. I). Petitioner also alleged four claims of ineffective assistance of counsel:

(1) failure to call David Williams, a witness Petitioner believed would have offered testimony favorable to the defense; (2) failure to effectively present the defenses of mistaken identity and alibi; (3) failure to request a continuance so that an out-of-state witness could testify in person rather than telephonically; and (4) failure to verify who an undercover officer was speaking with in an audio recording before that recording was admitted at trial. *Id*. Following an evidentiary hearing, the court denied post-conviction relief on March 23, 2011. (Doc. 11 Ex. M).

Petitioner then filed a petition for review with the Arizona Court of Appeals on August 30, 2011. (Doc. 11 Ex. N). The Court of Appeals agreed to review the case and examined the claims raised by Petitioner in his Rule 32 petition and the trial court's denial of Petitioner's request for post-conviction relief. The Arizona Court of Appeals denied relief on December 16, 2011. (Doc. 11 Ex. O). Petitioner sought review by the Arizona Supreme Court, which denied review on May 9, 2012. (Doc. 1 at 4).

### C. Habeas Petition

Petitioner filed his Petition for Writ of Habeas Corpus (PWHC) in this Court on August 20, 2012, asserting five grounds for relief. (Doc. 1). In Ground One, Petitioner alleges his trial counsel was ineffective for disqualifying a witness "for personal reasons instead of for facts in evidence." *Id*. at 7. In Ground Two, Petitioner alleges his trial counsel was ineffective for failing to object to Petitioner's driver's license being admitted into evidence. *Id*. at 15. In Ground Three, Petitioner alleges his trial counsel was ineffective for failing to interview potential witnesses and for failing to interview the witness "that he wanted the jury to believe the officer misidentified his client for." *Id*. at 17. In Ground Four, Petitioner argues trial counsel was ineffective for failing to keep Petitioner informed of discoveries, strategies, and tactics related to the alibi and misidentification defenses. *Id*. at 18. Finally, in Ground Five, Petitioner alleges he has discovered additional witnesses that would have been available for trial had Petitioner's trial counsel conducted a proper investigation. *Id*. at 21.

Respondents argue that Petitioner's first claim "fails on the merits because

Petitioner has not discharged his affirmative burden of proving both that counsel's performance was constitutionally deficient and that the state courts' denial of the claim was an unreasonable application of *Strickland*." (Doc. 10 at 12). Respondents further argue that Ground Two is unexhausted and procedurally defaulted because Petitioner failed to raise this claim during post-conviction proceedings, that Ground Three is unexhausted and procedurally defaulted because Petitioner never argued to the state courts that trial counsel was ineffective for failing to call Issey Warrior to testify, and that Ground Four is unexhausted and procedurally defaulted because Petitioner failed to raise any issues in the state courts about his trial counsel's communications. *Id*. at 8-9. Finally, Respondents argue that although Ground Five is properly exhausted, it "is not cognizable in these proceedings because it does not present a federal question." *Id*. at 10.

## II.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was adjudicated on the merits in state court proceedings, federal court review is limited by section 2254(d).

### A. Exhaustion

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court ... thereby alerting the court to the

federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F.Supp.2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds*, *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, *8 (D. Ariz. Aug. 29, 2013).

**B. Procedural Default**

If a petitioner fails to fairly present his claim to the state courts in a procedurally

appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n. 1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule... [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, … or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotations and citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.

10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (*quoting Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

### C.  Adjudication on the Merits and Section 2254(d)

The Ninth Circuit has held that "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004).

If a habeas petition includes a claim that was properly exhausted, has not been procedurally defaulted, and was "adjudicated on the merits in State court proceedings," federal court review is limited by § 2254(d). Under § 2254(d)(1), a federal court cannot grant habeas relief unless the petitioner shows: (1) that the state court's decision was contrary to federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision, *Greene v. Fisher*, ––– U.S. ––––, 132 S.Ct. 38, 43 (2011); (2) that it "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770 (2011). This standard is "difficult to meet." *Richter*, 131 S.Ct. at 786. It is also a "highly deferential standard for evaluating state court rulings… which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal quotations and citation omitted).

To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene*, 132 S.Ct. at 44. A state court's decision is contrary to federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003).

A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 131 S.Ct. at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**D.  Ineffective Assistance of Counsel Claims**

The Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that his trial counsel was ineffective under *Strickland*, Petitioner must show: (1) that his trial counsel's performance was deficient; and (2) that trial counsel's deficient performance prejudiced petitioner's defense. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (*citing Strickland*, 466 U.S. at 688, 694).

To establish deficient performance, Petitioner must show that "counsel made errors so serious… [that] counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms." *Strickland*, 466 U.S. at 687–688. The relevant inquiry is not what defense counsel could have done, but rather whether the decisions made by defense counsel were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). In considering this factor, counsel is strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that '[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation.'" *Ortiz*, 149 F.3d at 932 (*quoting Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir. 1995)). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Additionally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance. *Id.*

Even where trial counsel's performance is deficient, Petitioner must also establish prejudice in order to prevail on an ineffective assistance of counsel claim. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Under the prejudice factor, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. "The likelihood of a different result must be substantial, not just conceivable." *Richter,* 131 S.Ct. at 792. Further, because failure to make the required showing of either deficient performance or prejudice defeats the claim, the court need not address both factors where one is lacking. *Strickland*, 466 U.S. at 697–700.

Additionally, under the AEDPA, the federal court's review of the state court's decision on an ineffective assistance of counsel claim is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 698–699 (2002). This creates a "doubly

deferential" review standard in which a habeas petitioner must show not only that there was a violation of *Strickland*, but also that the state court's resolution of the claim was more than wrong, it was an objectively unreasonable application of *Strickland*. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam); *Bell*, 535 U.S. at 698-99; *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (federal habeas court's review of state court's decision on ineffective assistance of counsel claim is "doubly deferential."). The issue under section 2254(d) is not whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 131 S.Ct. at 788.

## III.   Analysis

### A. Ground One: Failure to Call a Witness

In Ground One, Petitioner contends his trial counsel was ineffective for failing to call David Williams as a witness. (Doc. 1 at 7). Petitioner argues that trial counsel disqualified Mr. Williams as a witness for personal reasons and not actual evidence, and that trial counsel should have investigated his own beliefs as to why he did not believe Mr. Williams placed a call to Petitioner's phone. *Id*. Petitioner's defense theories were alibi and misidentification, and he suggests that had trial counsel called Mr. Williams as a witness, Mr. Williams would have testified that he placed a call to Petitioner's phone using Officer Widmer's phone and that the call was for the purpose of selling a PlayStation. *Id*.  Petitioner further states that Mr. Williams would have testified that another individual came to the house to do the drug deal, thus supporting Petitioner's misidentification and alibi defenses. *Id*. at 8. Petitioner also argues trial counsel should have requested "a full unredacted copy of all calls made by David Williams and the officer" to show who Mr. Williams called and who he was on the phone with when the drug sale occurred. *Id*. at 7. In sum, Petitioner argues that Mr. Williams' testimony would have explained to the jury who called Petitioner and why, and that the jurors could have returned a verdict of not guilty. *Id*. at 8.

During the evidentiary hearing on Petitioner's Rule 32 Petition, "Mr. Kimminau

[Petitioner's trial counsel] explained that he had disclosed Mr. Williams as a witness, but ultimately did not call him to testify because he did not think that Mr. Williams would be credible." (Doc. 11 Ex. M at 4). "In addition, Mr. Kimminau testified that Mr. Williams previously stated that he saw Petitioner in Tucson, Arizona, on November 20, 2006, which would have undermined the defense theories of alibi and mistaken identity." *Id.*[1] Mr. Kimminau noted an additional problem with Mr. Williams' testimony was that Mr. Williams stated that he called Petitioner, but it was clear from the body bug that Mr. Williams gave Petitioner's number to Officer Widmer and Officer Widmer placed the call; thus, Mr. Williams would have been impeached on this testimony. (Doc. 11 Ex. L at 7, 18).

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Further, a "difference of opinion as to trial tactics … alone generally does not constitute a denial of effective assistance of counsel." *U.S. v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981); *see also Gustave v. U.S.*, 627 F.2d 901, 904 (1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation."); *Strickland*, 466 U.S. at 689 (acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel). Here, trial counsel interviewed Mr. Williams as a potential witness but ultimately determined that calling Mr. Williams would be more harmful than beneficial, and might undermine Petitioner's alibi and mistaken identity defenses. Trial counsel developed a trial strategy to present Petitioner's defenses through the use of other witnesses, and consulted with Petitioner regarding that strategy. That Petitioner now disagrees with that strategy because he is unhappy with the trial's outcome does not mean his counsel rendered ineffective assistance.

---

[1] To support Petitioner's defenses of alibi and mistaken identity, trial counsel called witnesses who testified to seeing Petitioner in New Mexico on November 21 and 22, which undermined Officer Widmer's claims that the person he purchased drugs from on November 20 was the same person he saw on November 21 and 22. *See* Doc. 11 Ex. L at 8-9, 12-13.

1       The Court further notes that even if trial counsel had called Mr. Williams, there is

2   no guarantee that the jury would have believed that Mr. Williams called Petitioner solely

3   for the purpose of selling the PlayStation and that it was another individual who came to

4   the house for the drug sale. In addition, trial counsel did call other witnesses who testified

5   that Petitioner was in New Mexico the day after the drug transaction took place, refuting

6   Officer Widmer's testimony that he saw the same person on November 20, 21, and 22,

7   and supporting Petitioner's defenses of alibi and misidentification. Thus, it is unlikely

8   that Mr. Williams' testimony would have changed the outcome of the case.

9       "Strategic choices made after thorough investigation of law and facts relevant to

10  plausible options are virtually unchallengeable," *Strickland*, 466 U.S. at 690, and "[t]he

11  proper measure of attorney performance remains simply reasonableness under prevailing

12  professional norms." *Id*. at 688. Here, the Court finds that trial counsel's decision not to

13  call Mr. Williams as a witness "falls within the wide range of reasonable professional

14  conduct." *Id*. at 689.

15      In denying Petitioner's Rule 32 Petition on this claim, the Arizona Superior Court

16  found that:

17          Under the *Strickland* test, Petitioner did not prove that

18          counsel's decision not to call Mr. Williams as a witness fell
        below an objective standard of reasonableness. Decisions of

19          trial strategy, even if unsuccessful, do not constitute
        ineffective assistance of counsel. *State v. Valdez*, 160 Ariz. 9,

20          14, 770 P.2d 313, 318 (1989). Not calling Mr. Williams was a
        tactical decision made by Mr. Kimminau. That decision was

21          not unreasonable in light of Mr. Williams' credibility issues
        and prior statements undermining Petitioner's defense.

22

23  (Doc. 11 Ex. M at 4). The court further found that Petitioner had failed to show prejudice,

24  explaining that:

25          Mr. Kimminau used other evidence, namely two different
        witnesses, to establish what Mr. Williams' would have

26          testified to: Petitioner was not where the undercover police
        officer claimed he was at the time of the sale. Therefore, Mr.

27          Williams' testimony would have been cumulative and would
        not have changed the verdict.

28

    *Id*. Accordingly, the Arizona Superior Court found that Petitioner failed to prove either

prong of *Strickland*, and that "[t]rial counsel's decision not to call Mr. Williams as a witness did not amount to ineffective assistance of counsel." *Id.*

In denying Petitioner's petition for review from the Arizona Supreme Court, the Arizona Court of Appeals noted that the trial court denied Petitioner's request for post-conviction relief in a "well-reasoned" opinion, finding that "trial counsel had not been ineffective in deciding not to call a certain alibi witness or in presenting defenses, but made reasoned tactical decisions." (Doc. 11 Ex. O at 22). The Court of Appeals further stated that "[t]he trial court clearly identified and thoroughly evaluated Curtis's claims, citing the relevant authority[, and i]t ruled correctly." *Id.* at 23.

Finally, for purposes of federal habeas review, Petitioner bears the burden of showing that the post-conviction relief court, in ruling that trial counsel was not ineffective, applied *Strickland* in an objectively unreasonable manner. In making this determination, "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 131 S.Ct. at 788. Here, the trial court's finding that Petitioner's claim that his trial counsel was ineffective for failing to call Mr. Williams as a witness was without merit is supported by the record before this Court, and was not an unreasonable application of *Strickland*.

In sum, because Petitioner has not shown that the state court's determination on this claim was based on an unreasonable determination of the facts, or that it was contrary to or an unreasonable application of *Strickland*, the Magistrate Judge recommends the District Court deny relief on Ground One.

## B. Ground Two: Failure to Object to Introduction of Petitioner's Identification Card

In Ground Two, Petitioner alleges trial counsel was deficient for failing object to Petitioner's identification card being admitted into evidence, and that the trial judge erred in allowing the admittance. (Doc. 1 at 15). Petitioner argues that because his defense was misidentification and he wanted to eliminate his association with the place where the

offense occurred, it was error for trial counsel to allow the state to introduce Petitioner's driver's license, which was found at the scene of the drug sale. *Id.* Respondent contends that Petitioner failed to properly exhaust this claim in state court because he failed to raise it during post-conviction proceedings, thus making Ground Two procedurally defaulted and barred from this Court's review. (Doc. 10 at 7-8).

When a petitioner fails to fairly present his claims to the state's highest court, but would now be barred by state procedure from returning to state court, an implied procedural bar may arise. *See O'Sullivan* 526 U.S. at 848-49. If a mandatory rule of state procedure would prevent the presentation of the claim, federal review is precluded. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v. Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but state court would now find the exhaustion petition barred, the claim is procedurally defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims).

Here, Petitioner challenged the trial court's admittance of his identification card in his direct appeal to the Arizona Court of Appeals. (Doc. 10 Ex. C). Petitioner did not present the claim as a federal constitutional violation. *See Duncan*, 513 U.S. at 365–366 (to fairly present a claim for purposes of federal exhaustion, the petitioner must describe to the state court the factual or legal bases for that claim and alert the state court "to the fact that the ... [petitioner is] asserting claims under the United States Constitution."). In his Rule 32 Petition for post-conviction relief, Petitioner alleged several claims of ineffective assistance of counsel, but he did not allege a claim specifically arguing that counsel was ineffective for failing to object to Petitioner's identification card being admitted into evidence. (Doc. 11 Ex. I). "Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts [presented to the state courts], does not exhaust other claims of ineffective assistance of counsel based on different facts" that were not presented to the state courts. *Date v. Schriro,* 619 F.Supp.2d 736, 788 (D. Ariz.

2008); *see also Moormann v. Schriro*, 426 F.3d 1044, 1056-57 (9th Cir. 2005), *cert. denied*, 548 U.S. 927 (2006) (new allegations of ineffective assistance of counsel not previously raised before the state court cannot be addressed on habeas review). Therefore, because Petitioner failed to raise his ineffective assistance of counsel claim regarding admittance of his identification card in either his direct appeal or in his petition for post-conviction relief, Petitioner failed to properly exhaust this claim.

Arizona Rules of Criminal Procedure regarding timeliness[2] and preclusion[3] prevent Petitioner from now exhausting this claim in state court. Accordingly, this claim is both technically exhausted and procedurally defaulted and thus is not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316. There was no objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule; Petitioner merely failed to raise the claim in his Rule 32 petition. *See Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S. at 134 n. 43 (the court need not examine the existence of prejudice if the petitioner fails to establish cause). Accordingly, habeas relief on the merits of this claim is precluded, and the Magistrate Judge recommends the District Court deny relief on Ground Two.

### C. Ground Three: Failure to Interview Potential Witnesses and Prove Petitioner's Misidentification Defense

In Ground Three, Petitioner alleges trial counsel was deficient for failing "to interview the main witness that he wanted the jury to believe the officer misidentified [Petitioner] for, leaving the defense of misidentification unproven at trial." (Doc. 1 at 17).

---

[2] Ariz. R. Crim. P. 32.4(a) states that post-conviction proceedings must begin within 90 days of either the day of judgment and sentence or the date the mandate issues on direct appeal, whichever is later. These deadlines have long since passed in this matter.

[3] Ariz. R. Crim. P. 32.2(a) states that, absent narrowly tailored exceptions not applicable here, successive post-conviction petitions are precluded.

Petitioner further contends that had trial counsel interview Issey Warrior, trial counsel would have also learned the names of other potential witnesses who would corroborate the misidentification defense, namely Hiycue Warrior and William Palmer. *Id.* Respondent contends that Petitioner failed to properly exhaust this claim in state court, thus making it procedurally defaulted and barred from this Court's review. (Doc. 10 at 8). Specifically, Respondent notes that Petitioner argued to the Court of Appeals that trial counsel was ineffective for failing to call Hiycue Warrior to testify, but Petitioner now contends in his habeas petition that counsel was ineffective for failing to call Issey Warrior. *Id.*

When a petitioner fails to fairly present his claims to the state's highest court, but would now be barred by state procedure from returning to state court, an implied procedural bar may arise. *See O'Sullivan* 526 U.S. at 848-49. If a mandatory rule of state procedure would prevent the presentation of the claim, federal review is precluded. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v. Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but state court would now find the exhaustion petition barred, the claim is procedurally defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims).

Here, Petitioner never argued in state court that trial counsel was ineffective for failing to call Issey Warrior to testify. Rather, Petitioner argued in both his Rule 32 petition and his petition for review to the Arizona Court of Appeals that he had discovered new evidence regarding Hiycue Warrior and that Hiycue Warrior should have been investigated as a potential witness. (Doc. 10 Ex. F at 34; Doc. 11 Ex. N at 10). However, Petitioner made no claims that Issey Warrior should have been investigated or called as a witness. "Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts [presented to the state courts], does not exhaust other claims of ineffective assistance of counsel based on different facts" that were not presented to the

state courts. *Date*, 619 F.Supp.2d at 788; *see also Moormann*, 426 F.3d at 1056-57 (9th Cir. 2005), *cert. denied*, 548 U.S. 927 (2006) (new allegations of ineffective assistance of counsel not previously raised before the state court cannot be addressed on habeas review).

Arizona Rules of Criminal Procedure regarding timeliness[4] and preclusion[5] prevent Petitioner from now exhausting this claim in state court. Accordingly, this claim is both technically exhausted and procedurally defaulted and thus is not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316. There was no objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule; Petitioner merely failed to raise the claim in his Rule 32 petition. *See Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S. at 134 n. 43 (the court need not examine the existence of prejudice if the petitioner fails to establish cause). Accordingly, habeas relief on the merits of this claim is precluded, and the Magistrate Judge recommends the District Court deny relief on Ground Three.

### D. Ground Four: Failure to Keep Petitioner Informed of Discoveries, Strategies, and Tactics

In Ground Four, Petitioner alleges trial counsel failed to keep him informed of discoveries, strategies, and tactics related to his alibi and misidentification defenses. (Doc. 1 at 18). Petitioner makes a number of different claims under Ground Four: (1) trial counsel did not inform Petitioner before trial that an out of court witness would be identifying Petitioner through a cell phone photo; (2) trial counsel did not tell Petitioner

---

[4] Ariz. R. Crim. P. 32.4(a) states that post-conviction proceedings must begin within 90 days of either the day of judgment and sentence or the date the mandate issues on direct appeal, whichever is later. These deadlines have long since passed in this matter.

[5] Ariz. R. Crim. P. 32.2(a) states that, absent narrowly tailored exceptions not applicable here, successive post-conviction petitions are precluded.

that he was not going to call Mr. Williams as a witness; (3) trial counsel did not inform Petitioner that he did not interview Issey Warrior; (4) counsel's only pretrial preparation with Petitioner was to review potential witness names; and (5) Petitioner's request to listen to the body bug recording was denied. *Id.* Respondent contends that Petitioner failed to properly exhaust this claim in state court because Petitioner raised no arguments about his counsel's communications during the pretrial phase of this case, thus making Ground Four procedurally defaulted and barred from this Court's review. (Doc. 10 at 8-9).

When a petitioner fails to fairly present his claims to the state's highest court, but would now be barred by state procedure from returning to state court, an implied procedural bar may arise. *See O'Sullivan*, 526 U.S. at 848-49. If a mandatory rule of state procedure would prevent the presentation of the claim, federal review is precluded. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007), *cert. denied sub nom., Smith v. Mills*, 129 S.Ct. 37 (2008) (when petitioner had not properly exhausted his claim, but state court would now find the exhaustion petition barred, the claim is procedurally defaulted); *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims).

Here, Petitioner failed to meet his duty to fairly present his claims in Ground Four to the state's highest court because Petitioner did not complain about trial counsel's alleged lack of communication during the pretrial stages of his case in either his direct appeal or Rule 32 petition. First, in his direct appeal to the Arizona Court of Appeals, neither Petitioner nor his appellate counsel raised any issues regarding trial counsel's pretrial communications. (Doc. 10 Exs. B, C). Second, Petitioner raised no issues regarding trial counsel's pretrial communications in his Rule 32 Petition. (Doc. 10 Exs. F, I).

Arizona Rules of Criminal Procedure regarding timeliness[6] and preclusion[7]

---

[6] Ariz. R. Crim. P. 32.4(a) states that post-conviction proceedings must begin

prevent Petitioner from now exhausting this claim in state court. Accordingly, this claim is both technically exhausted and procedurally defaulted and thus is not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim, and the Court can glean none from the record before it. *See Martinez*, 132 S.Ct. at 1316. There was no objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule; Petitioner merely failed to raise the claim in his Rule 32 petition. *See Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S. at 134 n. 43 (the court need not examine the existence of prejudice if the petitioner fails to establish cause). Accordingly, habeas relief on the merits of this claim is precluded, and the Magistrate Judge recommends the District Court deny relief on Ground Four.

### E.  Ground Five: Discovery of New Witnesses

In Ground Five, Petitioner contends that there were additional witnesses that he did not learn about until after trial, but that could have been available to testify on Petitioner's behalf at trial, had counsel properly investigated and interviewed them. (Doc. 1 at 21). Specifically, Petitioner contends that he spoke with Issey Warrior after the trial and that Issey Warrior informed Petitioner that Issey's cousin, Hiycue Warrior, accompanied Issey to the drug sale with Officer Widmer. *Id*. Upon rereading the police reports after his trial, Petitioner also discovered the name of William Palmer, who allegedly arrived at the house following the drug sale. *Id*.  Petitioner encloses a letter from Mr. Palmer, who states that when he arrived at the house, he saw Hiycue Warrior sitting in the passenger seat of Issey Warrior's Dodge Charger, and then saw Issey Warrior exit the house. *Id*. at 24. Mr. Palmer further states that when he went inside the

---

within 90 days of either the day of judgment and sentence or the date the mandate issues on direct appeal, whichever is later. These deadlines have long since passed in this matter.

[7] Ariz. R. Crim. P. 32.2(a) states that, absent narrowly tailored exceptions not applicable here, successive post-conviction petitions are precluded.

house, "I asked the white dude what do you need? he said he just got it, so I left." *Id*.

The mere existence of newly discovered evidence relevant to guilt is not grounds for federal habeas relief. *Gordon v. Duran*, 895 F.2d 610, 614 (9th Cir. 1990). The Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, "[i]n order to grant habeas relief for newly discovered evidence, it must appear the evidence (1) is new and (2) more likely than not would have resulted in the defendant's acquittal at trial." *Mak v. Blodgett*, 972 F.2d 1340 (9th Cir. 1992); *see also Spivey v. Rocha,* 194 F.3d 971, 979 (9th Cir. 1999) ("Newly discovered evidence is a ground for habeas relief only when it bears on the constitutionality of an appellant's conviction and would probably produce an acquittal."). "Evidence which suggests only that some other individual might have committed the crime rather than showing that the defendant did not commit the crime is insufficient to meet the 'probability of acquittal' standard." *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993).

Further, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("[N]ewly discovered evidence ... alleged in a habeas application ... must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."); *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) (rejecting habeas claim based upon newly discovered evidence because the petitioner "neither allege[d] an independent constitutional violation nor present[ed] affirmative proof of his innocence"). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution— not to correct errors of fact." *Herrera*, 506 U.S. at 400 (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the

1   petitioners' innocence or guilt but solely the question whether their constitutional rights
2   have been preserved")).

3         Here, Petitioner has not stated a federal claim with respect to Ground Five, thus, it
4   is non-cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a). Further, to the
5   extent that Petitioner's claim can be understood as a freestanding claim that the newly
6   discovered evidence shows that he is actually innocent, his claim is also not cognizable
7   on habeas review. *See Herrera*, 506 U.S. at 400.

8         Moreover, the evidence Petitioner cites as new is not, in fact, new evidence. First,
9   Petitioner claims that he called Issey Warrior from the Pima County Jail after his trial and
10   that Issey stated that his cousin, Hiycue Warrior, rode with him to do the drug sale. (Doc.
11   1 at 21). However, in order to constitute new evidence, Petitioner must show that he
12   could not have discovered the evidence earlier through the exercise of due diligence. *See*
13   *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) ("the failure to discover
14   the evidence sooner must not be the result of a lack of diligence on the defendant's
15   part."). Here, Petitioner provides no satisfactory explanation as to why he did not elicit
16   this information from Issey Warrior until after his trial and conviction, and the failure to
17   discover the evidence regarding Hiycue and Issey Warrior reflects a lack of due diligence
18   on Petitioner's part.[8] *Harrington*, 410 F.3d at 601; *see also Taylor v. Illinois*, 484 U.S.
19   400, 414 (1988) ("We presume that evidence that is not discovered until after the trial is
20   over would not have affected the outcome. It is equally reasonable to presume that there
21   is something suspect about a defense witness who is not identified until after the 11th
22   hour has passed."). Second, Petitioner claims that upon rereading the police reports after
23   his trial, he discovered the name of William Palmer. (Doc. 1 at 21). However, Petitioner

24   _____

25        [8] The Court also notes that Petitioner was clearly aware of Issey Warrior's name
26   prior to the trial because in Ground Four of his habeas petition, Petitioner complains that
    trial counsel did not inform him that counsel did not interview Issey Warrior.
27   Furthermore, Petitioner and trial counsel discussed Issey Warrior and counsel's decision
    not to call him as a witness during Petitioner's Rule 32 evidentiary hearing. (Doc. 11 Ex.
28   L). Thus, Issey Warrior's name was known to Petitioner prior to trial and Petitioner could
    have discovered any relevant evidence regarding Issey or Hiycue Warrior through the
    exercise of due diligence.

had access to the police reports prior to his trial, and thus his alleged discovery of Mr. Palmer's name is not actually new evidence.[9] Again, any failure to discover Mr. Palmer's name as a potential witness prior to trial reflects a lack of due diligence by Petitioner.

In sum, the Magistrate Judge recommends the District Court deny relief on Ground Five because Petitioner "neither allege[d] an independent constitutional violation nor present[ed] affirmative proof of his innocence," *Turner*, 281 F.3d at 872, nor does the evidence Petitioner cites actually constitute new evidence.

## IV.    Recommendation

In conclusion, the Magistrate Judge **RECOMMENDS** that the District Court **DENY** Petitioner Nathaniel Keon Curtis' Petition for Writ of Habeas Corpus Relief (Doc. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. FED. R. CIV. P. 72(b). No reply to any response shall be filed. See id. If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 27th day of July, 2015.


_____
Eric J. Markovich
United States Magistrate Judge

---

[9] Further, in Ground Four Petitioner alleges he gave trial counsel the names of five witnesses, one of whom "shows up to do the sale but is late … [and] could testify who it was that came out of the house after finishing the sale." (Doc. 1 at 18). Petitioner does not name this witness, but the Court infers that he is referring to Mr. Palmer; thus it is clear Petitioner was aware of Mr. Palmer as a potential witness prior to trial.